David C. Eisenlohr
Post Office Box 93399
Los Angeles, California 90093-0399
(818) 442-9111
dce2006@earthlink.net
In *Pro Per*

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
DEC 17 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>Certain visual depictions of nude minors; and )<br>)<br>Certain DVDs, photos, movies, brochures, )<br>and other materials containing certain visual )<br>depictions of nude minors, and )<br>)<br>Six computers containing certain visual )<br>depictions of nude minors. )<br>)<br>Defendants )<br>)<br>_____ ) | Civil No. 6:09-cv-00054-nkm<br><br>Answer to Complaint |

## ANSWER TO PROPERTY IN THE VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Answering the allegations in the complaint, claimant David C. Eisenlohr incorporates herein answers at length.

(1) On December 19, 2006, postal authorities, under the supervision of Postal Inspector Mary Catherine Glenn Aldridge, removed most of the property from the offices of IVB, Inc., dba Insider Video Club, at 5220 Santa Monica Boulevard, Suite 210, Los Angeles, California. The

property, right down to speakers unscrewed from the walls, was described as "evidence, fruits and instrumentalities" of illegal activity without a prior adversary hearing. Large quantities of films, videos, books and magazines were seized which included the entire inventory of those items. Some items were being prepared for publication but not yet in circulation. David Eisenlohr, the owner, was indicted for interstate transportation of child pornography. On April 1, 2009 a trial was held (6:08-cr-00034-nkm), the case dismissed, and the defendant acquitted.

(2) Because the government did not prevail in obtaining a conviction, it is not entitled to criminal or civil forfeiture. See 18 U.S.C. § 2253(a) (permitting criminal forfeiture of visual depictions and proceeds of the offense from "[a] person who is convicted of an offense under this chapter"); id. § 2254 (allowing civil forfeiture of property "subject to forfeiture pursuant to Section 2253").

(3) The property in this case is unresolved business from the trial held on April 1, 2009. The disposition of the seized property was inadvertently overlooked at the time. The property should be returned to the owner and the matter closed. I believe the plaintiff is using this civil case as vindictiveness and a vendetta against me to avenge its loss. This case has two considerations. First, the material is not child pornography as was decided on April 1, 2009, and second, the seizure of the material was a violation of the First and Fourth Amendments..

(4) At the time of the preparation of the search warrant, the law was clearly established that non-sexual visual depictions of persons under the age of 18 nude, constituted protected expression. Inspector Aldridge should have known that the warrant authorizing the seizure, and her execution of the warrant seizing all copies of material which depicts a person under the age of 18 nude, without a prior adversary hearing, violated the First and Fourth Amendments.

Page 2

(5) In Fort Wayne Books, Inc. v. Indiana, 489 U.S. 46 (1989), Justice White, speaking for the Court, observed that, in a line of cases dating back to Marcus v. Search Warrants, 367 U.S. 717 (1961), the Court had repeatedly invalidated "large scale confiscations of books and films, where numerous copies of selected books were seized without a prior adversary hearing." Fort Wayne, 489 U.S. at 63. Justice White explained that "it is [t]he risk of prior restraint, which is the underlying basis for the special Fourth Amendment protections accorded searches for and seizure of First Amendment materials that motivates this ruse." Id. (citation and inner quotation omitted). Accordingly, "mere probable cause to believe a legal violation has transpired is not adequate to remove books or films from circulation." Id. at 66. This is so because, since "[t]he First Amendment presumptively protects communicative materials," "there is a difference of constitutional dimension between an enterprise that is engaged in the business of selling and exhibiting books, magazines, and videotapes and one that is engaged in another commercial activity, lawful or unlawful." Id. at 79, 84 (Stevens, J., with Brennan & Marshall, JJ. concurring and dissenting)

(6) Marcus v. Search Warrants, 367 U.S. 717 (1961). The Marcus warrants violated the Constitution because they were issued without any scrutiny by a disinterested judge and because there had been no step in the procedure before seizure designed to focus searchingly on the question of whether the material was protected by the First Amendment. Id. at 731. The court stated, "[t]he constitutional impossibility of leaving the protection of [the Bill of Rights]" to the whim of the officers charged with executing the warrant is dramatically underscored by what the officers saw fit to seize under the warrant in this case."

(7) Inspector Aldridge states in her affidavit (page 2/7, line 9 from the bottom), "Regarding the material that IVC mailed to the WDVA during my investigation, I have re-viewed the

Page 3

following material and based on my review...I believe that the following materials constitute child pornography within the standards of this civil forfeiture action:" Two pages of descriptions follow. Again, Inspector Aldridge, based on her review alone, "believes" the material is child pornography without any prior adversary hearing. That same material was presented as evidence at the criminal trial in April and was determined by the court not to be child pornography.

(8) Postal Inspector Mary Catherine Glenn Aldridge states in her affidavit (page 2/7, 5th line from the bottom), as an introduction to descriptions of several videos and photographs, "I have determined that the DVD "Oskar and His Moped - Part 1" contains depictions of a minor engaged in sexually explicit conduct as defined in Title 18, Unites States Code, Section 2256, namely, the lascivious exhibition of the genitals or pubic area of a boy under the age of fifteen years." The illegality of the videos and photographs were her personal opinion. No one individual may determine what presumptively protected material is illegal and what is not. A judge or jury must do that at a prior adversary hearing. In the example she was describing, no proof of age was offered. The boy could be 15 years of age. In regard to other materials, Inspector Aldridge states (page 6/7, line 1), "...it is my belief that these other materials, even if they do not meet the federal definition of child pornography, are materials which promote Eisenlohr's distribution of child pornography materials." Postal Inspector Aldridge acknowledges that the "other materials" are legal.

(9) Postal Inspector Aldridge, a two-year employee of the Postal Service at the time of the beginning of her investigation of IVC, claims to be in a position to determine what is protected by the First Amendment and what is not. Then, based upon her personal opinion and without any prior adversary hearing, she can confiscate the property of a twenty-eight-year-old business she has declared unprotected by the First Amendment. My understanding is only a judge or jury has

that power.

(10) The images in this case are nudist (naturist) material containing some depictions of totally nude persons under 18 years of age. Such depictions are fully protected by the First Amendment. See Schad v. Mount Effrem, 4052 U.S. 61, 66, 101 S. Ct. 2176, 2181 (1981) quoting Jenkins v. Georgia, 418 U.S. 153, 161, 94 S. Ct. 2750, 2755 (1974). See also, FW/PBS, Inc. v. City of Dallas, 493 U.S. \_\_\_\_\_, \_\_\_\_\_, 110 596 (1970). Doran V. Salem, Inc., 422 U.S. 922, 932-933, 95 S. Ct. 2561 (1975); Southeastern Promotions, Ltd. v. Conrad, 420 U.S. 546, 557-558, 95 S. Ct. 1239, 1246 (1975); Erznoznik v. City of Jacksonville, 422 U.S. 205, 213, 95 S. Ct. 2268, 2274 (1975). New York v. Ferber, 458 U.S. 747 (1982) recognized that "nudity without more is protected expression," id. at 765n.18, 102 S. Ct at 3359n.18.

(11) Postal Inspector Aldridge (affidavit page 2/7, line 3) assumed an undercover identity and ordered films and photographs from IVB, Inc., implying that IVB was an underground operation and thus its expressive material was not presumptively protected by the First Amendment. IVB's material has always been openly advertised and the front door of the office was always open thus the expressive materials offered by the company are presumptively protected by the First Amendment. The staff would have been pleased to give her copies of any videos she requested if only she had asked. Copies of videos have been provided to the FBI and the Los Angeles Police Department in the past.

(12) Inspector Aldridge arrived at the IVC office not even knowing how many rooms were occupied by the company. It was to have been a tip-of-an-iceberg situation but turned out to be a fishing expedition without a resulting catch. I have never even seen an image of child pornography. The warrant she had was for only two of the six rooms of the office. She needed

another search warrant. Two agents asked directions to a copy store and then left to prepare a second warrant. However, Inspector Aldridge, and other members of her party, immediately went into the new rooms and began taking out boxes of material. The property taken under authority of the second search warrant, allegedly obtained on December 19, 2006, was not signed but stamped at Roybal Criminal Intake. The search warrant, search warrant affidavit and inventory of property taken were never returned to the court in Los Angeles. By the end of the day, hundreds of boxes of inventory had been carted away.

(13) Thousands of dollars worth of electronic equipment were seized, none of which appear on any government inventory of property taken. Hundreds of boxes of inventory including G-rated DVDs are still unreturned to this day. Seized and kept is a 28-year collection of dozens of foreign theatrical films including those of Pedro Almodóvar, the Academy Award winning Spanish film director, and Sergei Bodrov, the Academy Award nominee Russian director. The Insider Video Club imports prestige theatrical films from all over the world and is the exclusive American distributor of those films which are sold through Amazon.com. The plaintiff claims there were "earnest negotiations" for the return of the property. In fact, there were no negotiations at all. The service of the Notice of Forfeiture Action was sent to the Santa Monica Boulevard address which the plaintiff knew had been abandoned three years ago. A sympathetic postman and neighbor there, managed to get the notice to me. This was bad faith. Over the history of the business, only about 10% of the titles and 1% of the income involved persons under the age of 18 nude. Less than a third of the 450 films, mentioned in the Complaint, contained images of persons under the age of 18 nude, contradicting Inspector Aldridge's statement that she viewed each film enough to determine that they contained nude images. In spite of the fact that not all of the films contained nudity, the entire business was destroyed, jobs

were lost and great damages were incurred.

(14) The Department of Justice has allocated $50,000 to digitize and review approximately 450 films. All of the films removed from the Insider Video Club office were digitized years ago and are ready for direct viewing. Digitizing them is a duplication of effort and an unnecessary expense. The plaintiff has had the property in its possession for three years, and is just now spending $50,000 to look through it to find illegal material.

(15) It is requested there be no decree of forfeiture and this case dismissed.

## VERIFICATION

I, David C. Eisenlohr, am a claimant in the above-entitled action. I have read the foregoing Answer and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed at Los Angeles, California.

Dated: December 16, 2009

_David C. Eisenlohr_    Date: December 16, 2009

David C. Eisenlohr
Post Office Box 93399
Los Angeles, California 90093-0399
(818) 442-9111
dce2006@earthlink.net
Signed December 16, 2009

Page 7

**CERTIFICATE OF MAILING**

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as over-night Express Mail in a United States Postal Service envelope addressed to:

**UNITED STATES DISTRICT COURT**
**Lynchburg Division**
**1101 Court Street, Suite A-66**
**Lynchburg, Virginia 24504-4597**

on December 16, 2009

_____     Date: December 16, 2009
David C. Eisenlohr, Owner/President IVB, Inc.


**CERTIFICATE OF MAILING**

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as First Class mail in an envelope addressed to:

**UNITED STATES ATTORNEY'S OFFICE**
**Asset Forfeiture Section**
**310 First Street, S. W., Room 906**
**Roanoke, Virginia 24011-1935**

On December 16, 2009

_____     Date: December 16, 2009
Signature
David C. Eisenlohr, Owner/President IVB, Inc.

Page 8

USPS Express Mail Flat Rate Mailing Envelope label.

U.S. POSTAGE PAID, VAN NUYS, CA 91406, DEC 16 09, AMOUNT $17.50, 00019211-08

Label number: EH935924323US

FROM: DAVID C. EISENHAUER, P.O. BOX 92399, L.A., CALIFORNIA 90072-0399, PHONE (812) 442-9111

TO: FAY COUNCIL, COURTHOUSE BUILDING CLERK, 1101 COURT ST, SUITE A-66, LYNCHBURG, VIRGINIA 24504+4 5197, PHONE (434) 847-5722 x2

082708_EM_EP13F OCT 2008