**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.                                                    **Civil No. 6:09-cv-00054-nkm**

CERTAIN VISUAL DEPICTIONS OF NUDE
MINORS;

CERTAIN DVDs, PHOTOS, MOVIES,
BROCHURES, AND OTHER MATERIALS
CONTAINING CERTAIN VISUAL DEPICTIONS
OF NUDE MINORS; AND

SIX COMPUTERS CONTAINING CERTAIN
VISUAL DEPICTIONS OF NUDE MINORS,

    *Defendants.*

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE**
**THE CLAIM AND ANSWER OF DAVID C. EISENLOHR**

Pursuant to Rule G(8)(c)(i)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the United States moves to strike the Claim and Answer of David C. Eisenlohr ("Eisenlohr") for lack of standing to contest this forfeiture action. Eisenlohr does not have a sufficient interest in the defendants *in rem* to give him standing to contest their forfeiture because the defendants *in rem* are owned by the corporation – IVB, Inc., DBA Insider Video Club – not by Eisenlohr.

In support of this motion, the United States respectfully submits this memorandum of points and authorities.

## BACKGROUND AND PROCEDURAL HISTORY

In his claim, Eisenlohr states that he is the owner of IVB, Inc., DBA Insider Video Club ("IVB"), a California corporation that sold movies on DVDs and VHS tapes, still image photosets, picture CDs, books, calendars, and magazines. California Secretary of State records indicate that IVB, was incorporated on June 13, 1989, and, as of April 2013, is in "active" status with the State of California. *See* Exhibit A.

On December 19, 2006, the U.S. Postal Inspection Service ("USPIS") executed two federal search warrants at IVB's business premises in Hollywood, California. USPIS seized three categories of items from IVB's business premises: (1) defendant items that are currently the subject of this civil forfeiture action; (2) items that have been returned; and (3) a box containing hundreds of still image slides of indisputable child pornography depicting nude minor boys engaging in the lascivious exhibition of their genitals and/or masturbation.[1]

On March 19, 2009, a federal grand jury in this district indicted Eisenlohr in a three-count superseding indictment. *United States v. David Eisenlohr*, Case No. 6:08-cr-00034, Docket Entry ("D.E.") 32. Eisenlohr was charged with two counts of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1), and one count of advertisement of child pornography in violation of 18 U.S.C. § 2251(d). *Id.* On April 1, 2009, a one-day bench trial occurred. Following the conclusion of the United States' case-in-chief, Eisenlohr moved for a judgment of acquittal on all three charges pursuant to Fed. R. Crim. P. 29. D.E. No. 45. The district court granted the motion, finding that it "was not convinced beyond a reasonable doubt"

---

[1] While Eisenlohr initially asserted a claim to all assets seized from IVB, he later disclaimed any interest in this third category of items.

that the movies and still images at issue were "a lascivious exhibition under the meaning of the law." D.E. No. 49.

On October 2, 2009, the United States filed this Verified Complaint for Forfeiture *In Rem* against the defendants *in rem,* all of which were seized from IVB's premises on December 19, 2006. *United States v. Certain Visual Depictions of Nude Minors*, Case No. 6:09-cv-00054, D.E. No. 1. Unlike the criminal trial, which was limited to the materials transported to or advertised in this district, the civil forfeiture action involves a larger volume of materials seized from IVB. Pursuant to 18 U.S.C. § 2254, the United States seeks forfeiture of the defendants *in rem* on the basis that they are either child pornography, that is, they are visual depictions of minors engaging in "sexually explicit conduct," or other matters that contain such visual depictions, that were produced, transported, mailed, shipped or received in violation of 18 U.S.C. § 2252 and/or § 2252A, or that they were property "used or intended to be used to commit or to promote the commission of" violations of 18 U.S.C. § 2252 and/or § 2252A. *Id.* at ¶ 6.

After filing the Verified Complaint, the United States sent direct notice of this action pursuant to Supplemental Rule G(4)(b)(i).[2] In addition, the United States published notice of this civil forfeiture action on an official government website, www.forfeiture.gov, for at least 30 consecutive days beginning on November 20, 2009 as provided in Supplemental Rule G(4)(a)(iv)(C).

On November 30, 2009, Eisenlohr filed a personal claim to "the property removed from the office of my company at 5220 Santa Monica Boulevard, Suite 210, Los Angeles, California[.]" D.E. No. 5. His claim further stated that Eisenlohr is "the owner of IVB, Inc.,

---

[2] On October 29, 2009, direct notice was sent to Eisenlohr, who was the registered agent for IVB. The deadline for IVB to file a claim to the defendant property under Supplemental Rule G(5)(a)(ii) was 35 days from that date, or December 3, 2009.

DBA Insider Video Club." *Id.* On December 17, 2009, Eisenlohr filed an Answer to the Verified Complaint. D.E. No. 6.

## LEGAL ANALYSIS

### A. Eisenlohr Lacks Article III Standing to File a Personal Claim for the Defendant Property.

   1.   Applicable Law

Supplemental Rule G(8)(c)(i)(B) provides that "[a]t any time before trial, the government may move to strike a claim or answer . . . because the claimant lacks standing" to contest the forfeiture. A motion to strike a claim or answer "may be presented as a motion for judgment on the pleadings[.]" Supp. R. G(8)(c)(ii)(B); *see United States v. $12,126.00 in U.S. Currency*, 337 Fed. Appx. 818, 820 (11th Cir. 2009); *United States v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d 816, 825 (E.D. Mich. 2010).

 "In order to contest a government forfeiture action, claimants must have . . . standing under Article III of the Constitution as required for any action brought in federal court." *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999); *see United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003). Thus, standing "is the threshold question in every federal case" that must be addressed prior to and independent of the merits of a party's claims. *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see United States v. 1998 BMW "I" Convertible*, 235 F.3d 397, 399 (8th Cir. 2000); *see also* Supp. R. G(8)(c).

A civil forfeiture action is unlike most other civil actions in that the defendant is the property subject to forfeiture and the claimant asserting an interest in that property is "merely an intervener." *United States v. $25,790 in U.S. Currency*, No. 09-3283, 2010 WL 2671754, at *2 (D. Md. July 2, 2010); *see United States v. One-Sixth Share*, 326 F.3d 36, 40 (1st Cir. 2003)

("Because civil forfeiture is an *in rem* proceeding, the property subject to forfeiture is the defendant. Thus, defenses against the forfeiture can be brought only by third parties, who must intervene."). As such, it is the claimant, not the plaintiff, who has the burden to demonstrate standing by a preponderance of the evidence. *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1543 n.11 (11th Cir. 1987); *see also* Supp. R. G(8)(c)(ii)(B).

  2.  Discussion

In a forfeiture action, the determination of whether a claimant has Article III standing turns upon whether the claimant has a sufficient interest in the property to create a "case or controversy." *United States v. Munson*, 477 Fed. Appx. 57, 66 n.10 (4th Cir. 2012); *see Perry v. Judd*, 840 F. Supp. 2d 945, 955 (E.D. Va. 2012). To demonstrate a "case or controversy" sufficient for purposes of Article III standing in the forfeiture context, a claimant must demonstrate "a colorable interest in the property," which includes an ownership or a lesser possessory interest in the property. *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004); *see Via Mat Int'l S. Am. Ltd. v. United States,* 446 F.3d 1258, 1262–63 (11th Cir. 2006); *United States v. $58,000.00 in U.S. Currency*, No. 5:11-CV-95, 2012 WL 2884697, at *2-3 (W.D.N.C. July 13, 2012).

To evaluate a particular ownership interest, the Court engages in a two-step process. First, the Court looks to state law to determine what interest the claimant has in the property to be forfeited, if any. *See United States v. One 1990 Beechcraft 1900 C Twin Engine Turbo–Prop Aircraft,* 659 F. Supp. 2d 1260, 1267 (S.D. Fla. 2009) (state law determines ownership interest for purposes of 18 U.S.C. § 983(d)(6)(A)) (citations omitted); *One Lincoln Navigator 1998,* 328 F.3d at 1013 ("Ownership interests are defined by the law of the State in which the interest

arose"). Second, the Court looks to federal law to determine whether that particular interest is forfeitable under the relevant statute.

It is undisputed, based on both the Government's Verified Complaint and Eisenlohr's verified claim, that IVB is the owner of the defendants *in rem*. Indeed, Eisenlohr's claim stated that he was "the owner of IVB, Inc., DBA Insider Video Club" and that "the property [was] removed from the office of my company at 5220 Santa Monica Boulevard, Suite 210, Los Angeles, California on December 19, 2006 by postal authorities[.]" D.E. No. 5. Despite the reference to being the "owner of IVB, Inc., DBA Insider Video Club," the corporation itself – IVB – never filed a claim to any of the defendants *in rem* in this case.[3] D.E. No. 5.

Courts have routinely held that a shareholder or member of a corporate entity lacks standing to assert a personal claim for property owned by the corporate entity. *See United States v. Wyly*, 193 F.3d 289, 304 (5th Cir. 1999) (holding that because stockholders, as a matter of state law, do not have a legal interest in corporate assets, they cannot challenge the forfeiture of corporate assets); *United States v. 479 Tamarind Dr.*, No. 98-CV-2279, 2005 WL 2649001, at *4 (S.D.N.Y. Oct. 14, 2005) (holding that "a shareholder in a corporation chartered in Ontario does not have standing to contest the forfeiture of any of the specific assets of that corporation");

---

[3] While IVB received actual notice of this action through the notice provided to its registered agent and executive, Eisenlohr, it is within the Court's discretion to permit any person or entity to file an otherwise untimely claim if the Court finds there is "good cause" to do so. Supp. R. G(5)(ii). The Sixth Circuit articulated the following relevant factors to consider in determining whether "good cause" exists to extend the filing deadline: (1) the time the claimant became aware of the seizures; (2) whether the government encouraged the delay; (3) the reasons for the delay; (4) whether the claimant advised the court and the government of its interest in the property before the claim deadline; and (5) whether the government would be prejudiced by the late filing. *United States v. Thirty-Five Firearms*, 123 Fed. Appx. 204, 207 (6th Cir. 2005). If IVB seeks to file an untimely claim, and this Court permits such filing for good cause, the United States notes that IVB would not be entitled to appointed counsel pursuant to 18 U.S.C. § 3006A. *See* 18 U.S.C. § 983(b)(1).

*United States v. New Silver Palace Restaurant, Inc*., 810 F. Supp. 440, 443 (E.D.N.Y. 1992) (holding that "since shareholders are not legal owners or lienholders of the corporation's assets, they lack standing to intervene to claim the sales proceeds of the *in rem* defendants"). These rulings result from the fact that ***a shareholder has an ownership interest in the corporate entity, but does "not have an ownership interest in any specific property owned by the corporation."*** *479 Tamarind Dr.*, 2005 WL 2649001, at *4 (emphasis added); *see United States v. Two Bank Accounts*, No. 06-CV-4016, 2008 WL 5431199, at *5 (D.S.D. Dec. 31, 2008) (holding that as a shareholder in both corporations, claimant does not own or have an ownership interest in the money located in the corporations' bank accounts); *United States v. Taylor*, No. 97-CR-344, 2000 WL 715916, at *5 (D. Or. June 5, 2000) (holding that "[a]s mere shareholders of KMT, petitioners' only ownership interest in KMT is in their shares of stock; they have no 'legal interest' . . . in KMT's corporate assets") (internal citation omitted).

It is immaterial if Eisenlohr is the sole shareholder of IVB, Inc., as opposed to one of many shareholders. *See Two Bank Accounts*, 2008 WL 5431199, at *4-6 (holding that 100 percent shareholder of the corporation, who was also the CEO-CFO and Secretary of the corporation, did not have Article III standing to contest the forfeiture of corporate property). The concept that a shareholder of a corporation has no Article III standing to corporate assets in a forfeiture proceeding is best explained in *United States v. Real Prop. Associated with First Beneficial Mortg. Corp.*, No. 3:08-CV-285, 2009 WL 1035233, at *3 (W.D.N.C. 2009), which involved an individual claim by the president and sole shareholder of a corporation to corporate-owned properties in a civil forfeiture proceeding. In finding that the corporate president had no personal ownership interests in the property owned by the corporation, and thus no Article III

standing to challenge the forfeiture, the Court explained:

> It has been held that the sort of property interest giving rise to standing should be 'broadly interpreted to include [that held by] any person with a recognizable legal or equitable interest in the property seized.' That ownership interest, however, must be in the *specific* property being forfeited. A shareholder in a corporation has no legal title to the assets of a corporation, but has a form of equitable interest therein. That interest, however, is not in any *specific* asset or assets of the corporation, but rather in the general holdings of the corporation . . . [I]t has been held in each of the cases deciding this issue that a shareholder in a corporation does not have Article III standing to contest the forfeiture of corporate property.

*Id.* at *3 (emphasis in original) (internal citation omitted). Like the claimant in *Real Prop. Associated with First Beneficial Mortg. Corp.*, Eisenlohr's status as the owner of IVB does not provide him with standing to challenge the forfeiture of the defendant property in his personal capacity.

California state law on corporations is in accord. Under California law, "[s]hareholders own neither the property nor the earnings of the corporation." *Nelson v. Anderson*, 72 Cal. App. 4th 111, 126 (Cal. Ct. App. 1999); *see Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212, 232 (Cal. Ct. App. 2005) ("a shareholder does not have an ownership interest in corporate profits"); 15 CAL. JUR. 3d Corporations § 335 (2013) ("shareholders are not the owners of corporate property"). In 1941, the California Supreme Court declared that it was "fundamental, of course, that the corporation has a personality distinct from that of its shareholders, and that the latter can neither own the corporate property nor the corporate earnings." *Miller v. McColgan*, 17 Cal. 2d 432, 436 (Cal. 1941).

Thus, claimant Eisenlohr does not have a legally cognizable ownership interest in the defendants *in rem* because the property is owned by the corporation, not by Eisenlohr. Although

claimant Eisenlohr owns IVB, that does not give him an ownership interest in any specific property owned by IVB – including the defendants *in rem*. *See 479 Tamarind Dr.*, 2005 WL 2649001, at *4; *New Silver Palace Restaurant, Inc.*, 810 F. Supp. at 443.

## **CONCLUSION**

Based on the foregoing, the United States respectfully requests that this Honorable Court enter an order granting the United States' motion to strike Eisenlohr's Claim and Answer for lack of standing pursuant to Supplemental Rule G(8)(c)(i)(B).

Respectfully submitted,

TIMOTHY J. HEAPHY
United States Attorney

/s/ Kristen M. Warden
KRISTEN M. WARDEN
Trial Attorney
Asset Forfeiture and Money
Laundering Section
Criminal Division
U.S. Department of Justice
1400 New York Ave. NW
Washington, DC 20530
(202) 514-1263
Kristen.Warden@usdoj.gov
VA Bar No. 77052

/s/ Bonnie Kane
BONNIE KANE
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1400 New York Ave. NW
Washington, DC 20530
(202) 353-3683
Bonnie.Kane@usdoj.gov
D.C. Bar No. 478527

SHARON BURNHAM<br>
Assistant U.S. Attorney<br>
U.S. Attorney's Office<br>
310 1ST Street S.W.<br>
Room 906<br>
Roanoke, VA 24011

<u>Certificate of Service</u>

   I hereby certify that on May 1, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

 Joel C. Hoppe
 Federal Public Defender's Office
 401 E. Market St., Suite 106
 Charlottesville, Virginia 22902

              /s/ *Kristen M. Warden*
              Kristen M. Warden