CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

**JUN 0 7 2013**

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Civil No. 6:09-cv-00054-nkm |
| | : | |
| CERTAIN VISUAL DEPICTIONS OF NUDE MINORS; | : | |
| | : | CONSENT ORDER OF |
| CERTAIN DVDs, PHOTOS, MOVIES, BROCHURES, AND OTHER MATERIALS CONTAINING CERTAIN VISUAL DEPICTIONS OF NUDE MINORS; AND | : | FORFEITURE |
| | : | |
| SIX COMPUTERS CONTAINING CERTAIN VISUAL DEPICTIONS OF NUDE MINORS, | : | |
| *Defendants.* | : | |

WHEREAS, on October 2, 2009, Plaintiff United States of America filed a Verified Complaint for Forfeiture *In Rem* seeking forfeiture of the above-captioned defendant properties under 18 U.S.C. § 2254. Docket Entry ("Doc.") No. 1;

WHEREAS, on November 20, 2009, the government sent direct notice of this forfeiture action to Claimant David C. Eisenlohr ("Claimant Eisenlohr"), by certified mail return-receipt, at a specific address in the 5200 block of Santa Monica Blvd., Hollywood, California;

WHEREAS, on December 1, 2009, Claimant Eisenlohr filed a claim to the above-captioned defendant properties. Doc. No. 5;

WHEREAS, on December 17, 2009, Claimant Eisenlohr filed an Answer in the above-captioned case. Doc. No. 6;

WHEREAS, pursuant to Supplemental Rule G(4)(a)(iv)(C), notice of this proceeding was published on the official government website, www.forfeiture.gov, for 30 consecutive days beginning on November 20, 2009. *See* Doc. No. 57. Thus, any verified claim in response to the notice by publication – other than from someone who received direct notice – had to be filed no later than December 21, 2009. No person filed such a claim;

WHEREAS, no person other than Claimant Eisenlohr has filed a claim to the defendants *in rem*, answered the complaint, or otherwise appeared to contest this action, and the time for doing so has expired;

WHEREAS, the United States and Claimant Eisenlohr, aware of their respective rights and wishing to resolve this matter without further litigation and expense, have entered into a Stipulation for Compromise Settlement. Doc. No. 58;

WHEREAS, pursuant to the Stipulation for Compromise Settlement, Claimant Eisenlohr, without admitting any liability, does not oppose the entry of a final order of forfeiture as to those items constituting the defendants *in rem* listed and incorporated by reference in Paragraph 2 of the Stipulation for Compromise Settlement, for disposition according to the terms of the Stipulation for Compromise Settlement;

WHEREAS, pursuant to the Stipulation for Compromise Settlement, the United States agrees to release to Claimant Eisenlohr and/or Joel Hoppe, Esquire, counsel for Claimant Eisenlohr, the items constituting the defendants *in rem* listed and incorporated by reference in Paragraph 3 of the Stipulation for Compromise Settlement, to the extent such items are in the United States' custody;

WHEREAS, the Stipulation for Compromise Settlement is hereby incorporated by reference and made a part hereof;

2

NOW, THEREFORE, in consideration of the foregoing, it is hereby ORDERED, ADJUDGED, AND DECREED that:

(1)     the items constituting the defendants *in rem* listed and incorporated by reference in Paragraph 2 of the Stipulation for Compromise Settlement be, and hereby are, forfeited to Plaintiff Unites States of America, to be disposed of in accordance with law, and that no right, title, or interest in the defendant properties shall exist in any other person;

(2)     the items constituting the defendants *in rem* listed and incorporated by reference in Paragraph 3 of the Stipulation for Compromise Settlement are hereby released to Claimant Eisenlohr and/or Joel Hoppe, Esquire, counsel for Claimant Eisenlohr, to the extent such items are in the United States' custody;

(3)     claimant Eisenlohr agrees to release the United States of America and all of its respective agencies, officers, agents, and employees from any claims or actions concerning the seizure of the defendant properties, including that for attorneys fees or costs or interest, and any means, within the bounds of the law, that it may use to effectuate the terms of the Stipulation for Compromise Settlement;

(4)     the Court finds that neither the United States nor Claimant Eisenlohr substantially prevailed in this litigation;

(5)     this Consent Order of Forfeiture resolves this matter, and, upon entry of this Consent Order of Forfeiture, this Court's jurisdiction over the defendants *in rem* shall be dismissed with prejudice, except for purposes of enforcement of this Consent Order of Forfeiture; and

(6)     the parties to this action shall execute any documents necessary or proper to effectuate the terms of the Consent Order of Forfeiture.

It is SO ORDERED.

The Clerk of the Court is directed to send certified copies of this order to all counsel of record.

Entered this 7th day of June, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

**SEEN AND AGREED BY:**

TIMOTHY J. HEAPHY

United States Attorney

Western District of Virginia

Nancy S. Healey

Assistant United States Attorney

Virginia Bar No. 39447

Sharon Burnham

Assistant United States Attorney

Bonnie L. Kane
Trial Attorney, Criminal Division

Child Exploitation and Obscenity Section

4

Kristen M. Warden
Trial Attorney, Criminal Division

Asset Forfeiture and Money Laundering
Section

Chaim Bryski

Trial Attorney, Criminal Division

Asset Forfeiture and Money Laundering
Section

David C. Eisenlohr

Claimant

Joel Hoppe

Counsel for Claimant

5